
RECEIVED
MAR 0 2 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| STEVEN B. DAIGLE, individually and as administrator of the estate of the minor, STEVEN B. DAIGLE, II and RENEE M. DAIGLE | CIVIL ACTION NO.: 05-0336 |
| VERSUS | JUDGE DOHERTY |
| NABORS DRILLING USA, LP | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Pending before this Court is defendant's Motion to Transfer Venue [Doc. 27], pursuant to 28 U.S.C. § 1404(a), wherein defendant seeks to transfer the above-entitled case to the Western District of Texas. Plaintiffs oppose the motion. For the following reasons, the motion is denied.

This civil action was initially filed in the Fifteenth Judicial District Court for the State of Louisiana, Lafayette Parish; it was subsequently removed by defendant to this Court. Plaintiff Steven Daigle alleges that on or about January 23, 2004 he was injured while in the course of performing his duties as a member of the Weatherford, Inc. casing crew assigned to do work on RIG 623, a land-based drilling rig located at that time in Leon County, Texas.[1] RIG 623 is owned by Nabors Drilling USA, LP. According to plaintiff, RIG 623 is moved from location to location by way of "heavy-haul tractor/trailer trucks."[2]

Plaintiff has sued only Nabors Drilling, the owner of the rig. He explains in his opposition memorandum,

---

[1] Leon County, Texas is located in the Western Federal Judicial District of Texas.

[2] Plaintiff's Opposition to the Motion to Transfer.

Although discovery may develop otherwise, it is strongly anticipated that the cause of the accident will be a combination of the driller's operation of RIG 623 and maintenance of fluid transfer equipment on RIG 623 by the drill crew. Additionally, without knowing to an absolute certainty, it can be safely assumed that RIG 623 is no longer positioned upon Well A-30 and is likely positioned somewhere else within the states of Louisiana, Texas or Oklahoma.[3]

Plaintiff additionally states that he does not anticipate that anything unique to Well A-30 or the Jose Maria Viesca Lease will be relevant to this matter, and therefore he has not sued the owner of those properties.

Defendant now asks that this matter be transferred to the Western District of Texas pursuant to 28 U.S.C. § 1404(a). 28 U.S.C. § 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The first determination to be made in a Section 1404(a) analysis is whether or not the Judicial District to which transfer is sought is a district in which the claim could have been filed. In re: Volkswagon AG, 371 F. 3d 201, 203 (5th Cir. 2004). The second inquiry the court must make is whether the transfer of venue will serve the convenience of the parties and the interest of justice. Id. In the Fifth Circuit, a determination of "'convenience' turns on a number of private and public interest factors, none of which are given dispositive weight." Id. Private concerns include:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive.

---

[3] Plaintiff's Opposition to the Motion to Transfer, page 3. Defendant states at page 3 of its Reply Brief that Rig 623 "is currently located in Leon County, Texas."

2

Public factors include:

> (1) the administrative difficulties from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

Id. This Court must also keep in mind that, at the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed. Plaintiff's privilege to choose, or not be ousted from, his chosen forum is highly esteemed. Time, Inc. v. Manning, 366 F.2d 690, 698 (5th Cir. 1966) (internal quotations and citations omitted).

In the instant matter, defendant argues this action should be transferred to the Western District of Texas for the following reasons:

(1) Plaintiff's choice of forum should be given little deference, because plaintiff filed his Complaint in state court; defendant removed the matter to this Court.

(2) Six of defendant's employees assigned to RIG 623 on the date of the accident (three of whom are no longer employed by defendant) are Texas residents.[4]

(3) Defendant's current employees "can be produced for deposition or trial in Texas since Nabors Drilling maintains its principle place of business in Houston, Texas."[5]

(4) Many of the contract personnel present at the rig were employed by companies with their principle place of business located in Texas.

(5) Plaintiff's employer's principle place of business is located in Houston, Texas.

(6) It is more convenient for witnesses to travel to Waco, Texas than to Lafayette, Louisiana, because Waco has "more frequent and direct air service with the other Texas cities where the

---

[4] Although not explicitly stated, the Court presumes that Nabors intends to use these persons as fact witnesses.

[5] Defendant's Motion to Transfer, pages 5-6.

3

aforementioned fact witnesses reside."[6]

(7) Cases are disposed of more quickly in Texas district courts than in the Western District of Louisiana.

(8) The interest of Texas in this litigation is particularly significant because plaintiff claims that the accident is attributable to the fault of Texas citizens.

(9) The accident is alleged to have resulted from the violation of Texas statutes.

(10) The case will be governed by Texas law.

(11) All contracts that are potentially implicated in this matter involve Texas corporations and were to be performed in Texas.

Plaintiffs do not dispute that this action could have been brought in the Western District of Texas. Rather, plaintiffs counter that:

(1) Plaintiffs' suit, although filed in state court, was filed geographically within the Western District of Louisiana with full knowledge that defendant would likely remove the matter to this court.[7]

(2) Waco, Texas is merely thirty-two miles closer to Houston (defendant's principle place of business) than Houston is to Lafayette.

(3) Defendant reveals nothing about the expected testimony or residential information of the six non-party witnesses, and that argument should therefore be given no weight.

(4) Defendant is voluntarily producing the driller on RIG 623 at the time of the accident for deposition in Houston.

---

[6] Defendant's Motion to Transfer, page 6. This argument is flawed in two (2) aspects. First, defendants have not specifically asked the Court to transfer this matter to the Waco Division of the Western District of Texas, although it can be implied from their briefs. Defendants have only specifically asked the Court to transfer to the Western District of Texas - an extremely large territorial area. Furthermore, were this Court to grant defendant's motion, it would decline to name a division within the Western District of Texas (*i.e.*, the Waco division), as that is a determination better left to the transferee district.

[7] Furthermore, plaintiffs declare that their "choice of forum is **THIS COURT**." Plaintiff's Opposition to the Motion to Transfer, page 7 (emphasis in original).

4

(5)   In its discovery responses, Nabors discloses the addresses for three witnesses as Houston, Texas.

(6)   Plaintiffs list nineteen may-call witnesses, all of whom reside in Lafayette, Louisiana.

(7)   Plaintiffs anticipate retaining several experts that reside in the Western District of Louisiana.

(8)   The testimony of any of Nabors' witnesses who cannot be compelled to attend trial can be submitted by deposition.

(9)   It would be just as costly for plaintiffs' witnesses to attend trial in Waco, Texas as for defendant's witnesses to attend trial in Lafayette, Louisiana.

(10)  Plaintiffs' counsel is located in Lafayette and defendant's counsel is located in Metairie, Louisiana. Thus both counsel are closer to Lafayette than Waco.

(11)  Defendant's argument that plaintiff's employment records are maintained in Houston is incorrect; those records are located in Houma, Louisiana.[8]

(12)  The only connection of this litigation to Leon County, Texas is that, at the time the accident, RIG 623 was located there.[9]

(13)  This Court frequently applies the law of other states. Therefore, the application of Texas law should not be problematic.

(14)  The Louisiana docket is not more congested than the Texas docket.

This Court finds that plaintiff has the more persuasive argument. Defendant's principle place of business is located in Houston. As Waco is merely thirty-two (32) miles closer to Houston than Lafayette, the Court does not believe that defendant's witnesses will be any more inconvenienced

---

[8] In its reply brief, defendant again argues that plaintiff's employment records are located in Houston and submits the cover letter (containing a stamp with a Houston address) that was attached to the records when sent to defendant. Although the Court is not convinced by that stamp on the cover letter that plaintiff's employment records are stored in Houston, it is of no moment as that fact plays no part in this Court's analysis.

[9] As previously stated, plaintiffs, at this point, do not anticipate filing suit against the owners of the well or the lease.

by trial in this Court than Waco.[10] With the information presented to this Court thus far, it seems that the primary sources of proof are located in Louisiana and Houston, not Waco. Furthermore, this Court can assure defendant that its calendar is not so congested that trial in this matter will be unduly delayed. This Court can also assure defendant that it regularly applies the law of other states. Most important to the Court's consideration is the fact that plaintiff chose to file his lawsuit in Louisiana, albeit state court, knowing of the likelihood that defendant would remove the matter to this Court. Defendant's arguments are primarily concerned with increasing the convenience of the Texas witnesses who may or may not be involved with this case at trial. However, a transfer of this matter to the Western District of Texas would be equally inconvenient to plaintiff and his witnesses. As is often the case in litigation, there is not one forum convenient for *all* of the parties and their potential witnesses. The convenience to one side in one venue, necessarily results in inconvenience to the other side in the same venue.

Defendant has not convinced this Court, in light of plaintiff's arguments, that public and private interests will be better served by transferring this action to the Western District of Texas. Accordingly, after weighing all relevant factors, the Court concludes that this case should remain in the Western District of Louisiana.

---

[10] This statement presumes the Western District of Texas would assign this matter to the Waco division. Of course, it is possible this matter could be assigned to a division further from Houston than Waco.

For the foregoing reasons, the Motion to Transfer Venue is DENIED.

Lafayette, Louisiana, this \_\_\_1\_\_\_ day of March, 2006.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE