RECEIVED

JAN 3 0 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| STEVEN B. DAIGLE, individually and as administrator of the estate of the minor, STEVEN B. DAIGLE, II and RENEE M. DAIGLE | CIVIL ACTION NO.: 05-0336 |
| VERSUS | JUDGE DOHERTY |
| NABORS DRILLING USA, LP | MAGISTRATE JUDGE METHVIN |

## **MEMORANDUM RULING**

Currently pending before the Court is a Motion for Summary Judgment [Doc. 46] and a Motion to Strike [Doc. 54], both filed on behalf of defendant, Nabors Drilling USA, LP ("Nabors"). Briefing is now completed and the motions have been taken under advisement by the Court. For the following reasons, both motions are DENIED.

As to the Motion to Strike, Nabors moves the Court to strike the affidavit of plaintiff's expert, Calvin Barnhill (submitted in opposition to the Motion for Summary Judgment filed by defendant), on the grounds the affidavit "contains statements and opinions that were not previously expressed in plaintiff's expert reports that were served upon defendant." [Doc. 54, p. 1] The portion of the affidavit to which defendant objects states as follows:

> It is my opinion that the driller, Mr. Pimentel, introduced too great of a pressure and volume of drilling fluid ("mud") in the casing fillup line by turning the mud pump on during the casing fillup operation in question, thereby causing the fillup line to uncontrollably whip around the drill floor and strike Mr. Daigle.

Defendant argues "this statement cannot reasonably be derived from any expert report that was timely issued by Barnhill in this matter." [Doc. 54, p. 2]

The Court finds defendant's argument to be quite unfounded. From this Court's review of the documents submitted in this matter, plaintiff's Complaint, Mr. Barnhill's original report, the testimony of plaintiff's co-employee Trinity Brasseaux, and Mr. Barnhill's supplemental report all discuss this theory of liability, namely, that defendant's employee's negligent operation of the mud pump introduced too great of a pressure and volume of fluid caused plaintiff's injuries.[1] Moreover, from this Court's cursory review, no other theory of liability has been presented by plaintiff. As the affidavit presents no prejudice, no surprise and no new theory of liability, defendant's Motion to Strike is DENIED.

As to the Motion for Summary Judgment [Doc. 46], defendant seeks dismissal with prejudice of all claims asserted against it by plaintiff, at plaintiff's cost. Defendant argues there is "no evidence that Nabors Drilling was negligent in the accident made the basis of this litigation." [Doc. 46-2, p. 1] Again, the Court finds the motion to be unfounded. Nabors argues it had no duty to ensure the Weatherford personnel performed their work in a safe manner, and that under Texas law, "the obligation of one contractor (such as Nabors) to supervise the work of another contractor (i.e. Weatherford) is not imposed by law."[2] [Doc. 46-2, p. 7] Defendant states that under Texas law, the duty to supervise the work of another contractor only arises pursuant to contract, and there is no

---

[1] See e.g., Mr. Barnhill's supplemental report [Doc. 59, Ex. 2] which states, "It remains my opinion, as clearly stated in the October 15, 2005 report, the incident in question resulted from the action of the driller activating mud pump #1 from his console, which in turn pressured up the casing fill up line, resulting in the reported incident."

[2] The Court presumes Texas law is applicable to this motion. Although plaintiff's complaint states his claim is brought pursuant to La. C.C. art. 2315, the accident occurred in Texas, and both defendant and plaintiff rely on Texas law. As such, the Court presumes the parties agree Texas law applies.

contract between Nabors and Weatherford.[3] Thus, defendant argues, Nabors had no duty to supervise Weatherford's casing operations.

Defendant further argues:

> It is uncontroverted that the fill-up line that struck plaintiff was in the exclusive control of Weatherford's employees prior to the accident in question. Thus, the duty to control and to secure the fill-up line for the anticipated operation of the mud pump was the legal obligation of Weatherford's employees. The only equipment under the control of Nabors' employees at the time of the accident in question was the rig's mud pumps. Accordingly, Nabors' duty was limited to operating the mud pump in a reasonable manner. [Doc. 46-2, p. 11]

As discussed above, plaintiff's theory is Nabors violated its duty to perform its work in a safe manner when a Nabors' employee "introduced too great of a pressure and volume of drilling fluid in the casing fill up line by turning the mud pump on during the casing fill up operation in question, thereby causing the fill up line to uncontrollably whip around the drill floor and strike Mr. Daigle." In other words, plaintiff alleges Nabors violated its duty to operate the mud pump in a reasonable and safe manner, a duty to which Nabors admits it was bound. While perhaps defendant is correct that plaintiff's employer had a duty to properly use the fill-up line for the "anticipated operation of the mud pump," it is rather disingenuous to argue any such duty absolves defendant of its alleged negligent operation of the equipment controlling, in whole or in part, the movement of the fill-up line. Defendant has failed to cite this Court to any Texas law, applicable to the facts of this matter, which would absolve it from liability for the alleged negligence of its employee.

---

[3] Following a review of the cases submitted by defendant in support of its argument, the Court finds the cases to be inapplicable to the facts and law in the instant matter.

The Court finds there exist in the instant matter genuine issues of material fact which cannot be resolved by way of a motion for summary judgment. As such, defendant's motion for summary judgment is DENIED.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 24 day of January, 2007.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

COPY SENT:
DATE: 1/30/07
BY: Cw
TO: RFD
Cg