UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **STEVEN B. DAIGLE** | **CIVIL ACTION NO. 05-0336** |
| **Individually and obo Steven B. Daigle, II** | |
| **RENEE M. DAIGLE** | |
| | |
| **VS.** | **JUDGE DOHERTY** |
| | |
| **NABORS DRILLING USA, LP** | **MAGISTRATE JUDGE METHVIN** |

*RULING ON MOTION TO COMPEL PSYCHOLOGICAL TESTING*
*(Rec. Docs. 61)*

Before the court is a Motion to Compel Psychological Testing and for Supplemental Relief filed by defendant Nabors Drilling ("Nabors"). Nabors seeks an order requiring plaintiff Steven Daigle ("Daigle") to submit to psychological testing pursuant to Rule 35(a) and an order extending the deadline for defendant to provide the report of the psychologist. Daigle filed an opposition and Nabors replied.[1]

In the Complaint, Daigle alleges that as a result of an on-the-job accident, he injured his neck, back and shoulder. Daigle has undergone psychological treatment with Dr. Lyle LeCorgne, a clinical psychologist. Mover seeks to have Daigle undergo an IME by Dr. Kevin Greve, a clinical psychologist. Mover also seeks an order from the court requiring that Daigle participate in the examination in good faith.

Daigle opposes the motion, arguing that Nabors has not shown good cause for the evaluation. Daigle further contends that if an examination is ordered, Nabors should be required to give Daigle, in advance, a list of the psychological tests to be administered during the examination.

---

[1] Rec. Doc. 67 and 71.

2

Rule 35(a) states that:

> When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Daigle concedes that he has placed his mental condition at issue by undergoing psychological treatment and listing his psychologist as a trial witness. Under these circumstances, Nabors has shown good cause for a psychological IME. Furthur, Nabors has complied with the notice requirements of Rule 35 by notifying Daigle of "the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."

Daigle contends that he is entitled to an advance list of the psychological tests to be administered during the evaluation. The proposed examiner, Dr. Greve, has identified the nature of the tests to be performed, but he refused to identify the specific tests because he has concerns about the integrity of the testing processing if specific tests are identified prior to the evaluation. Dr. Greve explained:

> It is my understanding that Mr. Daigle is claiming pain-related problems associated with a shoulder injury sustained at work and has long history of other pain-related problems. In this context, I will be conducting what is referred to as a psychological pain evaluation which is designed specifically for patients whose primary complaint is pain and pain-related disability.
>
> The current scientific literature indicates that patients with pain may present with a range of psychological problems which have important implications for

3

> treatment, vocational rehabilitation, and return to work. Therefore, my psychological pain evaluation is designed to objectively assess common cognitive, psychological, emotional, and physical complaints of patients with pain and pain-related disability. The evaluation begins with a careful review of all available records and a clinical interview followed by the administration of standardized psychological tests and procedures.
>
> The battery includes measures to assess attention and concentration, general knowledge and intelligence, memory, current emotional state, and personality style. Note that as a matter of practice, we do not provide a specific list of instruments to be administered because research has shown that may facilitate practices that could result in invalid test results. However, the instruments used in the evaluation are standard defendant neuropsychological and psychological tests which are in common use by psychologists. A careful evaluation of the accuracy of patient's subjective report and volitional efforts is also included as is considered a requirement for any case seen in a medic-legal contest.[2]

The foregoing explanation by Dr. Greve of the nature of the tests to be performed satisfies the notice requirement of Rule 35. Daigle does not dispute Dr. Greve's qualifications, nor has he taken issue with the nature of the testing that will take place.

Daigle cites Lytel v. Simpson, 2006 WL 2053516 (N.D.Cal. 2006) in support of his argument that he is entitled to a list of psychological tests to be performed. In Lytel, the magistrate judge ordered a mental examination of a party who had asserted claims for emotional distress and depression, but denied the request for psychological testing because the mover "failed to propose what specific psychological tests would be administered." Id., 2006 WL 2053516, *4. The mental examination was "limited to assessing the nature, cause and extent of Simpson's emotional distress."

Lytel is factually distinguishable from the instant case. There, the party to be examined alleged only a "garden variety" distress, claimed it was no longer ongoing, and did not intend to

---

[2] Exhibit 7 to Rec. Doc. 61.

4

call an expert witness about her mental condition. Here, plaintiff has had psychological treatment and testing, and does intend to call an expert. Furthermore, the <u>Lytel</u> court provided no authority for its conclusion that a list of tests is required before a psychological examination can be conducted under Rule 35. Finally, <u>Lytel</u> is a decision from a California district court and is not binding on this court.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Motion to Compel is **GRANTED**. Daigle shall submit to an examination by Dr. Greve on February 21, 2007 at his office.

**IT IS FURTHER ORDERED** that Daigle shall cooperate and participate in the evaluation in good faith.

**IT IS FURTHER ORDERED** that the motion for extension of the expert report deadline is **GRANTED**. Dr. Greve's report shall be provided to plaintiff's counsel immediately upon defense counsel's receipt of the report.

**IT IS FURTHER ORDERED** that the Clerk shall fax a copy of this ruling to all counsel of record.

Signed at Lafayette, Louisiana, on February 15, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)